IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:
**KEITH F. BELL, PH.D.,** an individual  :
                Plaintiff,  :
:
   - against -   :
:   Civ. Action No.:
:   Hon. Judge:
**MCCOLLEY QUARTER HORSES, LLC** a  :   Magistrate Judge:
Michigan limited liability company; **TRAVIS**  :
**MCCOLLEY**, an individual, and **NICHOLE**  :
**MCCOLLEY**, an individual  :
                Defendants.  :
:
:
\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrences as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COMES the Plaintiff Keith F. Bell, Ph.D, by and through his undersigned attorney, Thomas P. Heed of Heed Law Group PLLC, and for his Complaint against the Defendants, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under 17 U.S.C. § 501 et. seq.

## THE PARTIES

2. Plaintiff Keith F. Bell, Ph.D is an individual resident of the state of Texas.

1

3. Defendants Travis and Nichole McColley are individuals who reside at 1577 East Hastings Lake Road, Jonesville, Michigan 49250.

4. Defendant McColley Quarter Horses, LLC, is an Ohio for-profit limited liability company, organized on or about April 1, 2011.

5. On information and belief, Travis McColley and Nichole McColley run their business, Defendant McColley Quarter Horses, LLC, from 10886 Pioneer Road, Hillsdale, Michigan 49242.

6. On information and belief, Travis McColley and Nichole McColley are the sole owners of Defendant McColley Quarter Horses, LLC.

7. As a result, Defendant McColley Quarter Horses, LLC is properly domiciled in the Western District of Michigan.

8. Defendants Travis McColley and Nichole McColley use the email of [McColleyn@gmail.com](McColleyn@gmail.com) as a business email.

## JURISDICTION

9. This action arises under the Copyright Act, 17 U.S.C. § 101 et. seq. ("The Copyright Act").

10. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §1338.

11. This Court has personal jurisdiction over Defendants Travis McColley and Nichole McColley under the Michigan Long-Arm Statute, M.C.L. 600.701.

12. This Court has personal jurisdiction over Defendant McColley Quarter Horses, LLC, under the Michigan Long Arm Statute, M.C.L. 600.705.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL CLAIMS

14. Plaintiff is an internationally recognized sports psychology and performance consultant.

15. He has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

16. Dr. Bell has spoken at national and international coaching symposia, including, but not limited to the National High School Coaches Association, North America Soccer Association, U.S. Olympic Sports Medicine Symposium, American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, Japanese Coaches Association, and British Swim Coaches Association.

17. Plaintiff has authored and published 10 books and over 80 articles relating to sports psychology and sports performance.

18. Dr. Bell has been a regular columnist for national swimming publications such as *Swimmers, Swimmers Coach, SwimSwam,* and *Swim Team Magazine.*

19. Plaintiff wrote the book entitled WINNING ISN'T NORMAL published in 1982.

20. Plaintiff is the sole author of WINNING ISN'T NORMAL and holds all of the copyright registrations for WINNING ISN'T NORMAL.

21. A copyright registration certificate for WINNING ISN'T NORMAL was issued to Dr. Bell by the United States Copyright Office on or about September 21, 1989, with the registration number TX-002-672-644.

22. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.

23. Plaintiff has sold his book WINNING ISN'T NORMAL since 1982, it can currently be found on Amazon and the website www.keelpublications.com.

24. Additionally, Plaintiff creates, markets, and sells multiple types of merchandise derivative of WINNING ISN'T NORMAL, specifically a particular passage separately known as "the WIN Passage".

25. A true and correct copy of the WIN Passage is attached as **Exhibit B**.

26. Plaintiff has obtained a separate copyright registration for the WIN Passage, TX 008-503-571.

27. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit C**.

28. Plaintiff owns the domain www.winningisntnormal.com, which points to the www.keelpulications.com website where he offers WINNING ISN'T NORMAL and derivative works of WINNING ISN'T NORMAL for sale.

29. Plaintiff has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use WINNING ISN'T NORMAL, the WIN passage, or derivatives thereof.

30. Plaintiff has placed a copyright notice on all webpages that offer for sale WINNING ISN'T NORMAL, the WIN passage, or derivatives thereof.

31. Plaintiff has placed a copyright notice on all physical or electronic copies of the WINNING ISN'T NORMAL, the WIN passage, or derivatives thereof.

32. Plaintiff has placed a copyright watermark on all images of his derivative work (such as posters) and excerpts that he posts online or otherwise distributes.

33. On December 12, 2019, Defendants posted a near identical image of the WIN passage ("infringing content"), to the McColley Equestrian Team Facebook page, operated by the Defendants.

34. A photo of the Facebook post containing the Infringing Content is attached as **Exhibit D**.

35. An image of the Infringing Content is or was previously prominently displayed on the Defendants Facebook front page.

36. A photo of the company's Facebook page, on or about July 21, 2020, is attached as **Exhibit E**.

37. The Infringing Content is clearly the Works of Plaintiff or near derivatives of the Works of Plaintiff, as the term derivative is defined in 17 U.S.C. §501.

38. On October 2, 2020, Plaintiff sent the Defendants a cease-and-desist letter via email, to Mccolleyn@gmail.com and mccolleyn@hotmail.com.

39. Defendants did not respond to Plaintiff's cease-and-desist.

40. At no time have the Defendants been authorized to publish the Plaintiff's work or any derivative of his work.

41. Defendants knew or reasonably should have known that Defendants did not have the authority to copy or distribute the Infringing Content, because the Infringing Content is a copyrighted work.

42. Defendants Travis McColley and Nichole McColley as the owners and operators of Defendant McColley Quarter Horses, LLC.

43. Defendants Travis McColley and Nichole McColley personally make all the major decisions on behalf of over Defendant McColley Quarter Horses, LLC.

44. Defendants Travis McColley and Nichole McColley were made aware of their infringement through the cease-and-desist letter from Plaintiff Bell.

45. Defendants refused to stop infringing.

46. Defendants Travis McColley and Nichole McColley are the persons who maintain and update the McColley Equestrian Team Facebook page.

47. On information and belief, Defendants Travis McColley and Nichole McColley took an active part in infringing the Plaintiff's copyrights of his work.

48. Defendants Travis McColley and Nichole McColley are personally liable for the infringement of Plaintiff's copyrights.

### **FIRST CLAIM FOR RELIEF**
(Copyright Infringement of WINNING ISN'T NORMAL)

49. Plaintiff incorporates and restates the allegations contained in each and every of the above paragraphs.

50. Plaintiff fixed WINNING ISN'T NORMAL in the tangible medium of literary works.

51. WINNING ISN'T NORMAL is subject matter of a copyright under 17 U.S.C. § 102.

52. The copyright registration for WINNING ISN'T NORMAL, TX-002-672-644, is owned by the Plaintiff.

53. Under 17 U.S.C. § 106, Plaintiff, as owner of all of the copyrights to WINNING ISN'T NORMAL and its derivatives, have the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work in copies; to prepare derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

54. Defendants have violated the Plaintiff's exclusive copyrights by copying, distributing, and displaying Plaintiff, and/or derivatives of the same.

55. The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiff's exclusive rights under 17 U.S.C. § 106.

56. The Plaintiff pray this honorable Court issue an Order to remove and destroy and remaining images and/or copies displayed by the Defendants and/or in their possession, that includes the uses WINNING ISN'T NORMAL or its derivatives.

57. The Plaintiff pray this honorable Court issue an Order to enjoin the Defendants from using, reproducing, distributing, or displaying WINNING ISN'T NORMAL or its derivatives.

58. The Plaintiff pray this honorable Court to award the Plaintiff monetary damages from the Defendants for the Defendants' unlawful display and use of Plaintiff's copyright for WINNING ISN'T NORMAL and its derivatives.

## SECOND CLAIM FOR RELIEF
(Copyright Infringement of WIN Passage)

59. Plaintiff incorporates and restates the allegations contained in each and every of the above paragraphs.

60. Plaintiff fixed the WIN Passage in the tangible medium of literary works.

61. WIN Passage is subject matter of a copyright under 17 U.S.C. § 102.

62. The copyright registration for WIN Passage, TX 008-503-571, is owned by the Plaintiff.

63. Under 17 U.S.C. § 106, Plaintiff, as owner of all of the copyrights to the WIN Passage and its derivatives, have the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work in copies; to prepare derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

64. Defendants have violated the Plaintiff's exclusive copyrights by copying, distributing, and displaying Plaintiff, and/or derivatives of the same.

65. The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiff's exclusive rights under 17 U.S.C. § 106.

66. The Plaintiff pray this honorable Court issue an Order to remove and destroy and remaining images and/or copies displayed by the Defendants and/or in their possession, that includes the uses WIN Passage or its derivatives.

67. The Plaintiff pray this honorable Court issue an Order to enjoin the Defendants from using, reproducing, distributing, or displaying the WIN Passage or its derivatives.

68. The Plaintiff pray this honorable Court to award the Plaintiff monetary damages from the Defendants for the Defendants' unlawful display and use of Plaintiff's copyright for the WIN Passage and its derivatives.

### THIRD CLAIM FOR RELIEF
(Violation of the Digital Millennium Copyright Act)

69. Plaintiff incorporates and restates the allegations contained in each and every of the above paragraphs.

70. In the Infringing Content, Defendants copied portions of the WIN Passage, stripping it of any copyright notice, the author's name, surrounding literary text, or other information identifying the work or the author.

71. The removed or altered information constitutes copyright management information ("CMI") under 17 U.S.C. §1202(c).

72. Defendants knowingly and intentionally distributed the Infringing Content after removing and altering the CMI.

73. Defendants had reasonable grounds to know that distribution of the Infringing Content would induce, enable, facilitate, or conceal an infringement of rights under the Digital Millennium Copyright Act ("DMCA").

74. These actions constitute a violation of 17 U.S.C. §1202(b).

75. The Plaintiff is entitled to injunctive relief.

76. The Plaintiff elects to receive statutory damages under 17 U.S.C. §1203.

77. The Plaintiff is entitled to attorney fees under 17 U.S.C. §1203.

## **REQUESTED RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this honorable Court render judgment in favor of the Plaintiff, and against the Defendant, and issue an Order and Judgment on all claims contained in this complaint as follows:

A.  Enjoining Defendants and their officers, agents, servants, employees, owners, dealers, affiliates, contractors, and representatives, and all other persons, firms or corporations in active concert or participation with them, from copying, using, displaying, distributing, or selling any product or promotional material containing WINNING ISN'T NORMAL, the WIN Passage, or any derivatives thereof;

B.  Awarding Plaintiff actual damages for each of the claims herein asserted, including

- Defendants' profits;
- Defendants' costs saved due to their infringing conduct;
- incidental damage;
- consequential damage; and
- all other types of damages authorized by law necessary to make Plaintiff whole;

C.  Awarding Plaintiff statutory damages in the alternative to actual damages for any claim of relief so elected;

D.  Ordering Defendants to submit to an accounting, at their own expense, to determine the profits that the Defendants enjoyed and the costs the Defendants saved as the result of their copyright infringements complained of herein;

E.  Awarding Plaintiff actual attorney fees under 17 U.S.C. § 505 and/or 17 U.S.C. § 1203, as a prevailing party in this matter;

F.  Awarding Plaintiff costs;

G.      Awarding Plaintiff pre- and post-judgment interest at the highest interest rate allowable;

H.      Granting Plaintiff such other further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues pleaded herein.

Dated: September 7, 2022                Respectfully submitted,

/s/Thomas P. Heed
Thomas P. Heed (P66991)
HEED LAW GROUP, PLLC
Attorney for Plaintiff
2723 South State Street
Suite 150
Ann Arbor, Michigan 48104
(734) 794-4757
(734) 794-4712
theed@heedlawgroup.com